# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAY G. KIMPEL, CDCR #V-01627, Inmate Booking No. 12578395, <br><br>Plaintiff, <br><br>vs. <br><br>SAN DIEGO COUNTY JAIL GBDF; OFFICER BRETT; OFFICER ORTIZE, <br><br>Defendants. | Civil No.   12cv1383 BTM (BGS) <br><br> **ORDER GRANTING DEFENDANT COUNTY OF SAN DIEGO'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(5) & 12(b)(6)** <br><br> **[ECF No. 11]** |

## I. Procedural Background

Jay Kimpel ("Plaintiff"), an inmate currently housed at the Vista Detention Facility, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On August 9, 2012, this Court issued an Order directing the United States Marshal Service ("USMS") to effect service of Plaintiff's Complaint ("FAC") on Defendants. A summons was purportedly returned executed by Defendant "San Diego County Jail GBDF" on September 24, 2012 [ECF No. 7]. Summons for Defendants Ortize and Brett have been returned unexecuted [ECF Nos. 8, 9].

Defendant County of San Diego (noting that they have been erroneously sued as "San Diego County Jail GBDF") has filed a Motion to Dismiss Plaintiff's Complaint pursuant to FED.R.CIV.P. 12(b)(6) and also seeks dismissal of Plaintiff's action due to "insufficient service of process" pursuant to FED.R.CIV.P. 12(b)(5). [ECF No. 11.]

**II.     Defendants' Motion to Dismiss pursuant to FED.R.CIV.P. 12(b)(6)**

A Rule 12(b)(6) dismissal may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In other words, the plaintiff's complaint must provide a "short and plain statement of the claim showing that [he] is entitled to relief." *Id.* (citing FED.R.CIV.P. 8(a)(2)). "Specific facts are not necessary; the statement need only give the defendant[s] fair notice of what ... the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (internal quotation marks omitted).

A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In addition, factual allegations asserted by pro se petitioners, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519-20 (1972). Because "*Iqbal* incorporated the *Twombly* pleading standard and *Twombly* did not alter courts' treatment of *pro se* filings, [courts] continue to construe pro se filings liberally when evaluating them under *Iqbal*." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985).

Here, the County of San Diego moves to dismiss the action against the County because Plaintiff has failed to allege that any individual police officer's conduct conformed to an official county policy, custom or practice. "[A] municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). A municipality may be liable under § 1983 for monetary, declaratory, or injunctive relief where the constitutional deprivation was caused by the implementation or execution of "a

policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690; *Board of the County Commissioners v. Brown*, 520 U.S. 397, 117 S. Ct. 1382, 1388 (1997); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995).

To establish municipal liability, plaintiff must show: (1) he was deprived of a constitutional right; (2) the city had a policy; (3) the policy amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy was the "moving force behind the constitutional violation." *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996); *see Board of the County Commissioners v. Brown*, 520 U.S. 397, 117 S. Ct. at 1388; *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). Thus, in order to state a § 1983 claim against the County of San Diego, Plaintiff must allege facts showing that his injury was caused by individual officers whose conduct conformed to an official city policy, custom or practice. *See Karim-Panahi*, 839 F.2d at 624. Here, Plaintiff's Complaint is devoid of any factual allegations that would establish municipal liability.

Therefore, the Court finds that Plaintiff has not stated a § 1983 claim against the County of San Diego because he has failed to allege that any individual police officer's conduct conformed to an official county policy, custom or practice. Accordingly, Defendant County of San Diego's Motion to Dismiss Plaintiff's allegations against them pursuant to FED.R.CIV.P. 12(b)(6) is **GRANTED**.

**III.    County of San Diego's Motion to Dismiss for Lack of Proper Service**

Defendant County of San Diego also seeks dismissal on the grounds that "San Diego County Jail, GBDF" is not a proper Defendant and if the Court construes this claim as one against the County of San Diego, there was improper service of the summons and complaint. (*See* Defs.' Memo of Ps & As in Supp. of MTD at 5-7.)

The Court agrees that an agency or department of a municipal entity is not a proper defendant under § 1983. *Vance v. County of Santa Clara*, 928 F.Supp. 993, 996 (N.D. Cal. 1996). Rather, the county or city itself is the proper defendant. *See Id.* Thus, the Court liberally construes Plaintiff's claim against Defendant "San Diego County Jail, GBDF" to be one against the County of San Diego.

Defendant County of San Diego claims that Plaintiff's service of process was insufficient because delivery of the summons and complaint to the jail failed to comply with California Civil Procedure § 416.50. This code section provides, in part, "a summons may be served on a public entity by delivering a copy of the summons and of the complaint to the clerk, secretary, president, presiding office, or other head of its governing body." CAL. CODE CIV. PRO. § 416.50(a). When an inmate or prisoner is authorized to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915, the Court must direct the United States Marshal Service ("USMS") to effect service. FED. R. CIV. P. 4(c)(3). Plaintiff, as an "incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990).

Here, it appears that service of the summons and complaint as to the County of San Diego may not have been proper. Thus, the Court will **GRANT** Defendant County of San Diego's motion to dismiss for lack of proper service. If Plaintiff chooses to file an Amended Complaint properly naming the County of San Diego and alleging facts sufficient to overcome the deficiencies of pleading identified above, the Court will issue a new summons and direct the USMS effect service of the County of San Diego in compliance with FED. R. CIV. P. 4(j)(2) and CAL. CODE CIV. PRO. § 416.50(a). The Court cautions the County of San Diego to be mindful of FED. R. CIV. P. 4(d)(1) which provides that an entity "subject to service . . . has a duty to avoid unnecessary expenses of service the summons.

## IV. Conclusion and Order

Based on the foregoing, the Court hereby:

1) **GRANTS** Defendant County of San Diego's Motion to Dismiss pursuant to FED.R.CIV.P. 12(b)(5) and FED.R.CIV.P. 12(b)(5) [ECF No. 11]. Plaintiff has thirty (30) days from the entry of this Order to file a First Amended Complaint to correct the deficiencies of pleading identified in the Court's Order. If Plaintiff chooses to file a First Amended Complaint it must be complete in itself without reference to his previous Complaint. Defendants not named and all claims not re-alleged in the First Amended Complaint will be deemed to have been waived.


2) The Clerk of Court is directed to mail Plaintiff a civil rights complaint form.

DATED: January 8, 2013

*/s/ Barry Ted Moskowitz*
BARRY TED MOSKOWITZ, Chief Judge
United States District Court